HARPER et al. v. TEMPLE LUMBER CO. et al. (No. 889—4159.)

(Commission of Appeals of Texas, Section A. Jan. 19, 1927.)

1. Boundaries ⚖=7—In deed reciting "beginning in northeast 'corner' of M.'s league of land," northeast corner was that designated in grant to M.

In deed conveying 500 acres in square, "beginning in northeast corner of M.'s headright league of land," corner referred to was northeast corner designated in grant to M., even though such corner was not in extreme northeast corner of M. survey, in absence of evidence that another point was intended; a "corner" being a point where two lines join.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Corner.]

2. Boundaries ⚖=7—Deed describing land as "in northeast corner" of certain survey did not require that land should be in extreme northeast portion.

Where description in deed was that location of square tract of land should be "in northeast corner" of M.'s league of land, description did not require that land should include extreme northeast portion of survey, where beginning point was described as northeast corner of M.'s headright league of land.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by the Temple Lumber Company and another against Lewis Harper and others. Judgment for plaintiffs was affirmed by the Court of Civil Appeals in 259 S. W. 217, and defendants bring error. Judgment of Court of Civil Appeals reversed, and that of district court reformed, and, as reformed, affirmed.

Adams, King & Adams and Hamilton & Hamilton, all of Hemphill, A. M. Huffman, of Beaumont, and Kennerly, Williams, Lee & Hill, of Houston, for plaintiffs in error.

Goodrich, Davis & McWilliams, of Hemphill, and R. E. Minton, of Lufkin, for defendants in error.

BISHOP, J. Defendants in error, Temple Lumber Company and W. F. Goodrich, brought this suit in the district court of Sabine county, Tex., against the plaintiffs in error, Lewis Harper and wife, Aver Harper,

to recover all the John Moore survey in said county except a tract of 1,107 acres known as the American Lumber Company tract. Issue having been joined by the pleadings, on trial the district court rendered judgment in favor of defendants in error for all the land sued for, and this judgment was by the Court of Civil Appeals affirmed. 259 S. W. 217.

The following plat shows the John Moore survey and the location of the American Lumber Company tract thereon.

in said northeast corner, said land more fully described in the title issued by," etc.

Defendants in error have shown that they hold the title to the land conveyed by this deed and that they also own all the land on the Moore survey lying south and west of that described therein except 1,107 acres. Within the bend of the Sabine river there are some 800 acres of land, and, if the land described in this deed is the extreme northeast portion of the survey, defendants in

[1] The original field notes on which the Moore survey was titled begins at the point A, as shown on the plat on the edge of the Sabine river, and the last call in these field notes is: "Ascending the river Sabine along its various courses to the corner where this survey was begun." On December 3, 1848, all of the Moore survey except the 1,107 acres was owned by Mrs. Missouri M. Fowler. On that date she executed deed to S. P. Wilson, and the decision of this case depends upon the location of the land conveyed by this deed. It contains the following description:

"Beginning at the northeast corner of John Moore's headright league of land and running so as to contain 500 acres of land in a square

error have shown title to all the survey except the 1,107 acres. If, on the other hand, there is land on the Moore survey, lying in the bend of the river east of that described in this deed, defendants in error have shown no title to same.

There is in this record no evidence from which it could be legally inferred that Mrs. Fowler, at the time she executed the deed to Wilson, did not know the boundaries of the land she owned and the location of the corners thereof. There is only one northeast corner designated by the grant to Moore, which was described as the beginning corner in that grant, and we must assume that this was the beginning corner designated in her deed to Wilson. A corner is a point where

two lines join, and, without evidence from which it could be inferred that a point other than this one on the meanders of the river was intended as the beginning corner of this tract of land, we would not be warranted in holding that such point, though not in fact a corner, was intended to be the beginning of the tract, merely because such point is both north and east from the designated northeast corner of the survey of which the tract is to constitute only a part. We therefore conclude that the northeast corner of the Moore survey, shown in the plat at the point A, is the beginning corner designated in the Wilson deed.

[2] In order for the 500 acres tract to have the form of a square, the line of the Moore, survey running south 69 west from its northeast corner must form the northwest boundary line of the square tract, and a line running south 21 east from this corner must form its northeast boundary. The description given in the deed is that the location of the square tract of land shall be "in said northeast corner." This means of course that the location shall be in the corner named. The description does not expressly require that the land conveyed shall include the extreme northeast portion of the Moore survey. This corner is at neither the extreme northern nor eastern point of this survey. And we think, to construe this part of the description to mean that the land conveyed should include the land to the north and east in the extreme northeastern portion of the survey would be unreasonable, in view of the fact that there are some 800 acres of land within the bend of the river, the extreme northeastern portion of which is at such distance from the named corner as to make it impossible to include such portion in the form designated by the description. We think the intention evidenced by this description is that the 500 acres should be in a square, with the beginning corner the northeast corner thereof. Giving the Wilson 500 acres tract this location, the land east of it, and in the bend of the Sabine river, should not, by the judgment of the district court, have been awarded to defendants in error.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that of the district court be so reformed as to deny defendants in error recovery of that portion of the land sued for situated in the bend of the Sabine river and east of the 500 acres Wilson tract.

CURETON, C. J. Judgment of the county court and Court of Civil Appeals is reversed, and that of the district court reformed, and, as reformed, affirmed, as recommended by the Commission of Appeals.